# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS COYNE
3244 Oak Ave
Scranton, PA 18505,

     *Plaintiff,*

vs.

CITY OF SCRANTON
Scranton City Hall
340 N Washington Ave
Scranton, Pennsylvania  18503

MAYOR PAIGE G COGNETTI
MAYOR OF THE CITY OF SCRANTON
*individually and in her official capacity*
Scranton City Hall
340 N Washington Ave
Scranton, Pennsylvania  18503

JESSICA ESKRA
City Solicitor
*individually and in her official capacity*
Scranton City Hall
340 N Washington Ave
Scranton, Pennsylvania  18503,
        *Defendants.*

JURY TRIAL DEMANDED

FIRST AMENDMENT VIOLATION
AMENDED COMPLAINT

CIVIL ACTION NO.: 3:25-CV-01091

**FILED
SCRANTON**

NOV 1 0 2025

PER_____bJ_____
      DEPUTY CLERK

# COMPLAINT

## INTRODUCTORY STATEMENT

1.    This is an action for money damages and legal relief against the CITY OF SCRANTON, PAIGE G COGNETTI, MAYOR OF SCRANTON, JESSICA ESKRA, SCRANTON CITY SOLICITOR, for violations of the plaintiff's constitutional liberties, In their Official and Individual Capacity, Negligence, emotional harm.

2.    Plaintiff, THOMAS COYNE, alleges that CITY SOLICITOR JESSICA ESKRA and PAIGE G COGNETTI , unlawfully Served him papers requiring silence and production and destruction of all materials, that arose from the city disposing of un-shredded personnel files in an uncovered box on the city streets.  Six (6) months later THOMAS COYNE released a single name in City Council and stated he would release more **names**, until the City recanted it's outright refusal and addressed the public's questions on if the people exposed were notified. The City proceeded with a permanent injunction as an act of prior restraint to deprive him of his first amendment rights to report on issues of public interest..

The City's prior letter of threat became more then a threat, by filing a legal injunction, it solidified the totality of the situation. First the city threatened , then on confrontation of the city's refusal to address the situation, proceeded to act in prior restraint with  intent, by filing a temporary injunction, continued to a permanent injunction and frivolously and improperly barred speech under both individual and actions of a press, all in violation of plaintiff's constitutional rights.

Plaintiff alleges that PAIGE G COGNETTI, MAYOR OF THE CITY OF SCRANTON and JESSICA ESKRA Esq, knew or should have known of the

1

constitutional deprivations committed by the solicitors office through the Administration and of the general policies and practices within the City of Scranton. Furthermore, PAIGE G COGNETTI, MAYOR OF THE CITY OF SCRANTON and JESSICA ESKRA Esq, by negligence or approval of the solicitors actions refused to enforce existing law and systematically mal-administered the law.

Plaintiff alleges that the CITY OF SCRANTON is liable for the acts of PAIGE G COGNETTI and JESSICA ESKRA because the CITY OF SCRANTON has tolerated and permitted the pattern of deprivation of constitutional rights by its administration, and has failed to maintain a proper system for review, with the result that Solicitors office from the CITY OF SCRANTON were encouraged to believe that they could violate the rights of persons such as the plaintiff with impunity.

Solicitor JESSICA ESKRA esq should be held individual liable as in the actions of filing and presenting statements of what I "may" do combined with what I did in an attempt to obtain a Permanent injunction. The Mayor, as the City Codifies. Under Scranton City Code 6.6 The Mayor acts as Supervision for all actions, suits, citations or claims on behalf of the city. She was aware and conspired in this unlawful action.

While the independent action proceeds In the state appellate court, it is limited on if the permanent injunction will survive alone. This action is related to the 1983 first amendment claims alone, and restitution out of those acts that pre-date the injunctive action starting from the first threat and intimidation that attempted to interfere with the plaintiffs rights on April 30th 2024.

## JURISDICTION

3.     This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988, and the First, and Fourteenth Amendments of the United States Constitution.  Jurisdiction is based upon 28 U.S.C. Sections 1331 and 1343 (1), (3), (4).

## PARTIES

4.     Plaintiff, THOMAS COYNE is and was, at all times relevant to this complaint, an adult   male who resides at 3244 Oak Ave, Scranton, Pennsylvania.

5.     Defendant, CITY OF SCRANTON is an incorporated municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the City of Scranton which employees the other defendants, with an office for acceptance of service located at Scranton City Hall, 340 N Washington Ave , Law Department, Scranton, Pennsylvania.

6.     Defendant, PAIGE G COGNETTI, MAYOR OF THE CITY OF SCRANTON is and was, at all times relevant to this complaint, the duly appointed Mayor of the City of Scranton  with an office for acceptance of service located at Scranton City Hall, 340 N Washington Ave, Scranton, Pennsylvania.

7.     Defendant, JESSICA ESKRA, SOLICITOR OF THE CITY OF SCRANTON is and was, at all times relevant to this complaint, the duly appointed Solicitor of the City of Scranton  with an office for acceptance of service located at Scranton City Hall, 340 N Washington Ave, Scranton, Pennsylvania.

## FACTS

8.    On or about THOMAS COYNE drove to city hall for the April 24th 2024 city council meeting at 6:30 PM at Scranton City hall. plaintiff, was lawfully present in the 300 block of Dix Court, Scranton, Pennsylvania.

9.    THOMAS COYNE was running late for Council, but noted at the corner of the alley, 40 feet from the rear door of City Hall, a pile of boxes, including red paper recycling containers, (One marked HR) 3 large clear bags with shredded paper, a large trashcan and an uncovered copy paper box marked on the side with a large black sharpie, "Shred 2033". .

10.    After the Council meeting was over, Approximately 8:00 PM Plaintiff had a brief conversation with attendees at the corner of the alley exit to 300 S. Dix Court and Mulberry St. Noticing the items were still there, 40 feet away from the door, beside the public easement, Plaintiff peered into the uncovered box that was open, Identified as Shred 2033.

11.    Plaintiff observed The ¾ filled copy paper box uncovered and without a lid, had files set in a 40 to 45 degree angle in the box, with names on the tab and the first paper exposed and in plain view (not in a folder) was an employee personnel file page, clear to the naked eye, without touching the box.

12.    Plaintiff took pictures to document the exposure of personnel files. As the files were askew some of the information behind them were visible as well. Plaintiff Then made a video for YouTube that the, City of Scranton introduced into state court evidence as part of the record. This video shows the location and explained the issue, noting Plaintiff was filming from the back of the files to protect those who's information was left outside. Plaintiff did this to protect the incident from deniability and insure the incident would be addressed.

13.    For the following five (5) hours the Plaintiff attempted to contact the city to secure the files, this included City hall, five (5) calls to the night line for

the Department of Public Works, requesting an exiting City Council member to intercede, asking the fire department across the alley "when was the pick up time for the items in the alley".

14.    As a last resort, Plaintiff drove to the local police station 1 mile away, and had a patrol car dispatched to the location of the files, to take or secure the papers until the city could retrieve them.

15.    Police met Plaintiff on site, as Plaintiff returned to the location himself, to watch the boxes until police arrived at the location.

The Patrol officer who responded said Plaintiff could take possession of the files as they were left at the curb, but due to the obvious peril of removing the files, the Plaintiff expressed his discomfort on taking possession of the files.

16.    About 30 minutes later, while the officer was still on site, a supervisor responded to the officer and advised him to open up City Hall with his key card , the officer asked the plaintiff to look in and identity files that needed to be placed inside, and both the Plaintiff and the officer carried and deposited the boxes back inside the rear locked atrium of the building.

17.    One week later, on April 30th 2024, inside City Council Chambers about 5 minutes before the City Council session was about to start, the Plaintiff was served with an order from the City Solicitors office, to not disclose any information, to destroy all copies of any photographs taken, to appear before the city solicitors office and submit to questioning, and to divulge the names of anyone who Plaintiff shared any of the information with. As the timing was just before public notification  and to prevent redressing the issue in a public forum, the *Younger v. Harris exception, as the intimidation was* **brought in bad faith** *or for* **harassment** to prevent public exposure of the cities Negligent Behavior.

18.    At that meeting during public participation Plaintiff informed the council of the data breech, that the city solicitors office attempted to silence him,

and identified himself on the record as press (as council was already aware) to assure the city administration was aware and on notice that I was under the PA shield law and they could neither demand production or destruction of those records.

19.    The following week, 4 of 5 council members publicly and on record, apologized for the administrations behavior, and requested the administration to investigate the situation. Council reported in the following weeks that an investigation by a third party firm was underway.

20.    Plaintiff was contacted by a law firm, indicating they were hired by the city to investigate the data breach. The letter requested that Plaintiff come in to the attorneys office and submit to questioning. The same firm in the  Prior restraint action.

21.    Plaintiff agreed to the interview under conditions. The questions could be submitted to him by email, or since they were legal council representing the city and had a legal fiduciary responsibility to their client, he would only appear if the City would agree to pay the Plaintiffs attorney fees for representation at that meeting, as none of the costs should be borne by the Plaintiff. The attorneys office never replied.

22.    On October 1 2024, due to public pressure in the prior weeks by members of the community at city council, a report response was given to City Council that the investigation was over and it was concluded there was no data breach, and there would be no further response to the issue. Shocking as the Plaintiffs access to the files itself was a breach.

23.    On October 8 2024, the Plaintiff appeared again before council and released a single name of a former employee and made it clear he would

continue to **name** employees in the file until the city made a statement that the people contained in the box were contacted and informed of the exposure.

24.    On October 15th 2024 the city filed and was granted a preliminary injunction and a hearing was held on October 18th and taken under advisement. On November 7th 2024 the ruling was made and injunction was made permanent.

25.    On October 18th 2024 in court, the city malign the character of the plaintiff, by characterize his lawful actions in his attempt to recover and protect abandoned personnel files as "scavenging", ignoring his direct actions in recovering and protecting the former employee's records and that he was requested by the responding officer to identity the items that needed to be returned to the building.

26.    On December 3 2024 the Plaintiff filed the instant appeal with the Commonwealth Court of Pennsylvania. (Lackawanna County Common Pleas No.: 2014-CV-6972 - Commonwealth No -- 1670-CD-2024). This Appeal was solely seeking relief from the Permanent injunction alone, and not for any first amendment claims.

27.    At no time relevant hereto did plaintiff, THOMAS COYNE violate any laws or engage in any criminal behavior.


28.    Defendants, THE CITY OF SCRANTON, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA's actions were committed willfully, wantonly, maliciously, intentionally, outrageously, deliberately and constitute conduct so egregious as to shock the conscience.

29.    Defendants, THE CITY OF SCRANTON, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA's engaged in the aforesaid conduct for the purpose of violating plaintiff's constitutional rights.

30.    Defendants, THE CITY OF SCRANTON and defendants, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA's deliberately made false statements of colluding  public and private information **may be released** at preliminary injunction hearing in order to conceal their unlawful and unconstitutional conduct.

31.    At all times relevant to this complaint, defendant, THE CITY OF SCRANTON and defendants, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA, were acting under color of local and state and federal law and authority.


32.    Defendant, THE CITY OF SCRANTON, as a matter of policy and practice, has with deliberate indifference failed to reprimand, sanction or discipline human resources, including the named defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens, thereby causing and encouraging acts of intimidation and suppression, including the individually named defendants in this action, to engage in unlawful conduct.

33.    As a direct and proximate result of the defendants, THE CITY OF SCRANTON and defendants, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA, actions, plaintiff, THOMAS COYNE was unlawfully and under continuing act of illegal Prior Restraint  from October 15 th 2024, and as of September 24 th 2025, for three hundred and fourty-five (345) days.

34.    As a direct and proximate result of the defendants', THE CITY OF SCRANTON , MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA illegal and unconstitutional actions, plaintiff, THOMAS COYNE suffered, fear, horror, and chagrin, as well as mental and emotional distress.

35.    As a direct and proximate result of the defendants, THE CITY OF SCRANTON , MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA illegal and unconstitutional actions, plaintiff, THOMAS COYNE continues to suffer a continual suppression of his rights, mental anguish, humiliation, embarrassment, nightmares, anxiety, and fear.

36.    Plaintiff moves forward with this action at this point, as state review is underway, to preserve his timely filing in this action. In Pennsylvania, each day of a constitutional violation can be considered a separate offense, but due to the Commonwealth courts review, plaintiff can't determine the number of days and must file prior to it's resolution in this court to protect his ability to gain restitution.

## FIRST CAUSE OF ACTION
## PLAINTIFF, THOMAS COYNE V. ALL DEFENDANTS
## FIRST AMENDMENT RIGHTS VIOLATION- THREAT TO PURSUE A FRIVOLOUS ACTION

37.    The allegations set forth in paragraphs 1 through 36, inclusive, are incorporated herein as through fully set forth.

38.    The Original Threat of action was considered as posturing by the plaintiff and only became clear in intent on the filing over a half a year later, as clarity of intent presented with that filing of the injunction. Only then could be viewed in the Totality of the Situation. The plaintiff did immediately consult with an attorney under the weight of the perceived threat.

39.    As a direct and proximate result of the actions and omissions of defendants, THE CITY OF SCRANTON, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA, plaintiff, THOMAS COYNE was deprived of precious rights, privileges and immunities secured unto him by the laws and Constitution of the United States.

40.   Defendants, THE CITY OF SCRANTON and defendants, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA, together and/or with others, conspired to violate and/or did violate the constitutional rights of plaintiff, THOMAS COYNE.

41.   Defendants, THE CITY OF SCRANTON , MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA aforesaid actions deprived plaintiff, THOMAS COYNE of the equal protection of the laws and his rights, privileges and immunities under the laws and the Constitution of the United States; his right to be free from the unlawful Suppression of his right to redress his government, and be gagged in perpetuity in violation of the first amendment.

42.   By these actions, defendants, THE CITY OF SCRANTON, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA deprived plaintiff of the rights secured unto him by the Constitution of the United States, in particular, the First and Fourteenth Amendments thereof and in violation of 42 U.S.C. Section 1983., an action that should strip them of qualified immunity.

43.   The aforesaid conduct of defendants, THE CITY OF SCRANTON, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA was committed alone, together, and in conspiracy with one another.

WHEREFORE, plaintiff, THOMAS COYNE respectfully requests this Honorable Court grant judgment against all defendants, jointly and severally, for compensatory damages and punitive damages, as well as costs, interest, reasonable attorneys' fees and any other relief, legal or equitable, deemed reasonable by the Court.

## SECOND CAUSE OF ACTION
## PLAINTIFF, THOMAS COYNE V. ALL DEFENDANTS
## PRIOR RESTRAINT

44.    The allegations set forth in paragraphs 1 through 36, inclusive, are incorporated herein as through fully set forth.

45.    The City with intent combined and colluded to misdirect the court that the release of the name of a former public employee (public information), this occurred and is not in dispute, but spuriously added other identifiable information that **"may"** be released, in an attempt to influence the court. Intermingling harm that "May exist in some undetermined point" but did not at the time.  The Release of Addresses, Social Security numbers, Birth dates. The plaintiff also claimed HIPAA, but it should have been known if was not applicable as plaintiff is not a covered entity under that law.

46.    Plaintiff at all times from the first event where the City exposed the records, made a clear statement of intent on his YouTube Channel, he was filming from a position to show but not expose any personnel information and has been consistent in that.

47.    Plaintiff showed extraordinary action in protecting, addressing and securing the files, and stood as an advocate for those exposed, but was blamed that he "may" cause exposure.

48.    The Defendants used the court system as a cudgel to conceal that the direct actions of the city caused the exposure, and with refusal to confirm contact of the parties exposed, the path they chose in resolving it was suing the plaintiffs into silence.

49.    Defendants, THE CITY OF SCRANTON, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA intentionally and recklessly conspired to create a situation that did not exist, promoting the need for a permanent injunction, that of future actions that may never occur, the exact definition of Prior Restraint.

50.    As a direct and proximate result of the acts of Defendants, THE CITY OF SCRANTON, MAYOR PAIGE G COGNETTI and solicitor JESSICA

ESKRA, the plaintiff, THOMAS COYNE was barred on the ability to report, confront, or address the inaction and subsequent communication any meaningful way.

51.    As a direct and proximate result of the acts of Defendants, THE CITY OF SCRANTON, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA, plaintiff, THOMAS COYNE suffered and continues to suffer while the state issue permanent injunction remains unresolved.

52.    The acts of Defendants, THE CITY OF SCRANTON, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA, as alleged in the preceding paragraphs, constitute the tort of intentional or reckless infliction of emotional distress.

WHEREFORE, plaintiff, THOMAS COYNE respectfully requests this Honorable Court grant judgment against all defendants, jointly and severally, for compensatory damages and punitive damages, as well as costs, interest, reasonable attorneys' fees, instruct them if the appeal has not been fully adjudicated, apply the PA anti-slapp provisions and enjoin the party to withdraw the permanent injunction and any other relief, legal or equitable, deemed reasonable by the Court.

## THIRD CAUSE OF ACTION
## PLAINTIFF, THOMAS COYNE V. ALL DEFENDANTS
## FIRST AMMENDMENT -RIGHT TO REDRESS,

53.    The allegations set forth in paragraphs 1 through 36, inclusive, are incorporated herein as through fully set forth.


54.    Defendants, THE CITY OF SCRANTON, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA, by act of service and intimidation,

attempted to interfere with plaintiffs right to redress in City Council. As the proxy who completed service was lying in wait, with the intention of stopping the plaintiffs rights, directly before public comment in Scranton City Council, to address a governmental wrongdoing.

55.    Defendants, THE CITY OF SCRANTON, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA, caused civil proceedings to be commenced and continued restraint against plaintiff with malice and without legal justification.

56. Court of Common Pleas of Lackawanna County crafted a permanent injunction, based on the false assurances of risk to third parties that Defendants, THE CITY OF SCRANTON, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA, created.  The crafting of the complaint was designed to prevent the plaintiff from reporting names that would inform people involved of exposure and force notification. This injunction allowed generalities but barred content that would compromise the city's actions, requiring the plantiff to comply. One has no right to redress if one can't speak. A narrowly tailored injunction based on protected information may have been prudent, but adding in the Names expanded it beyond narrow. While the plaintiff expects this to be removed under appeal by the state court, The independent constitutional violations are a separate and distinct entity.

57.    Defendants, THE CITY OF SCRANTON, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA, caused civil proceedings to be commenced and continued against plaintiff, THOMAS COYNE  to accomplish a purpose for which civil process was constitutionally barred

58.    As a direct and proximate result of the acts of Defendants, THE CITY OF SCRANTON, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA, plaintiff, THOMAS COYNE was interfered in his right to redress as  he was barred from exposing is the only leverage that could move the city to inform the victims, in a  flagrantly unconstitutional action.

59.    As a direct and proximate result of the acts of Defendants, THE CITY OF SCRANTON, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA, plaintiff, THOMAS COYNE suffered and continues to be unable to address the governmental wrongdoing an any substantial way.

60.    The acts of Defendants, THE CITY OF SCRANTON, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA, as alleged in the preceding paragraphs, constitute the torts of malicious prosecution and malicious abuse of process of law and violation of constitutionally protected liberties. An action well beyond the qualified immunities.


WHEREFORE, plaintiff, THOMAS COYNE respectfully requests this Honorable Court grant judgment against all defendants, jointly and severally, for compensatory damages and punitive damages, as well as costs, interest, reasonable attorneys' fees and any other relief, legal or equitable, deemed reasonable by the Court.


### FOURTH CAUSE OF ACTION
### PLAINTIFF, THOMAS COYNE V. ALL DEFENDANTS
### FREE SPEECH – FREE SPEECH

61.    The allegations set forth in paragraphs 1 through 36, inclusive, are incorporated herein as through fully set forth.

62.    Plaintiff, THOMAS COYNE were interfered in by restriction of legal and lawful exercise of free speech by Defendants, THE CITY OF SCRANTON, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA,

63.    Defendants, THE CITY OF SCRANTON, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA, acted in reckless disregard for constitutional liberties of speech and crafted a falsity of the accusations and with negligence, acting well beyond the scope of qualified immunity.

64.    Defendants, THE CITY OF SCRANTON, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA, made statements in court that were published, with the direct intent to cause damage to the plaintiff's reputation and lowered his standing in the community, as well as blocking his ability to freely speak

65.    As a direct and proximate result of the acts of Defendants, THE CITY OF SCRANTON, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA, plaintiff, THOMAS COYNE suffered fear, horror, and chagrin, as well as mental and emotional distress.

66.    As a direct and proximate result of the acts of Defendants, THE CITY OF SCRANTON, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA, plaintiff, THOMAS COYNE suffered and continues to suffer mental anguish, humiliation, embarrassment, nightmares, anxiety, and fear.

67.    The acts of Defendants, THE CITY OF SCRANTON, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA,, as alleged in the preceding paragraphs, constitute the tort of defamation, and violation of his protected speech

WHEREFORE, plaintiff, THOMAS COYNE respectfully requests this Honorable Court grant judgment against all defendants, jointly and severally, for compensatory damages and punitive damages, as well as costs, interest,

reasonable attorneys' fees and any other relief, legal or equitable, deemed reasonable by the Court.

## FIFTH CAUSE OF ACTION
## PLAINTIFF , THOMAS COYNE  V.  ALL DEFENDANTS
## UNCONSTITUTIONAL SUPPRESSION OF THE PRESS

68.    The allegations set forth in paragraphs 1 through 36, inclusive, are incorporated herein as through fully set forth.

69.    Plaintiff, THOMAS COYNE were interfered in by restriction of legal and lawful exercise in reporting a story/incident of public interest., by THE CITY OF SCRANTON, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA,

70.    Defendants,THE CITY OF SCRANTON, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA, acted in reckless disregard for constitutional rights of the press by the initial attempt to quash the story, the subsequent action to enjoin, mandate production of protected materials, and after six (6) months of other citizens requesting information on the "investigation",  as it was still a story much reviewed and pushed by public interest... the city chose refusal to publishing any report or statements other then the investigation was over.

71.    Defendants, THE CITY OF SCRANTON, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA, interfered with widely protected press protections by institution of a SLAPP action with the intent to Chill the free press.

72.    As a direct and proximate result of the acts of defendants, THE CITY OF SCRANTON, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA, plaintiff, THOMAS COYNE was limited on what could or could not be exposed in print or any medium.

16

73.    As a direct and proximate result of the acts of defendants, THE CITY OF SCRANTON, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA, Is not minimal as the bar is clearly established and has been ruled to not be used even in cases of "classified documents" In New York Times v. U.S. , 403 U.S. 713 (1971).

WHEREFORE, plaintiff, THOMAS COYNE respectfully requests this Honorable Court grant judgment against all defendants, jointly and severally, for compensatory damages and punitive damages, as well as costs, interest, reasonable attorneys' fees and any other relief, legal or equitable, deemed reasonable by the Court.

## SIXTH CAUSE OF ACTION
## PLAINTIFF , THOMAS COYNE  V.  ALL DEFENDANTS
## PUNITIVE DAMAGES

74.    The allegations set forth in paragraphs 1 through 73, inclusive, are incorporated herein as through fully set forth.

75.    The conduct of defendants, THE CITY OF SCRANTON, MAYOR PAIGE G COGNETTI and solicitor JESSICA ESKRA, was outrageous, malicious, wanton, willful, reckless and intentionally designed to inflict harm upon plaintiff.

76.    Considering a member of the bar would suggest and appear to testify in favor of a prohibited constitutional action, under the direction of the mayor and city, and at minimum not advise in proceeding in an obvious act of Prior restraint, is unconscionable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, THOMAS COYNE respectfully requests this Honorable Court due to the egregious nature grant judgment against all defendants, jointly and severally, and requests that the maximum sum be charged to the city of Scranton under the Qualified status limit of $250,000, as at the time of the modification filing, three hundred and fourty-five (345) days and six (6) causes of action under Pennsylvania law constitutes if all survive, a minimum of 2070 offenses for the calculations. Plaintiff also requests $25,000 be applied directly to each defendant acting in the individual capacity as the acts were of negligence and should serve a modicum of personal liability, as well as compensatory damages and punitive damages, as well as costs, interest, reasonable attorneys' fees and any other relief, legal or equitable, deemed reasonable by the Court.


Dated:        November 10, 2025 -

                         Respectfully Submitted,

                          /s/ ThomasCoyne
                         Thomas Coyne
                         Plaintiff, Pro Se

                         3244 Oak Ave
                         Scranton, PA 18505
                         Tel. (610) 256-0105
                         tcoyne@afg-media.us

18

## JURY TRIAL DEMAND

Plaintiff, THOMAS COYNE demands a trial by jury as to each count.

Wherefore, plaintiff requests relief as follows:

a)    a jury trial and judgment as to each count, in a sum to be fixed by the jury;

b)    punitive damages;

c)    interest and costs;

d)    attorney's fees and costs pursuant to 42 U.S.C. Section 1988; and

e)    such further relief as the Court shall deem just and proper.


Thomas Coyne

Dated:  November 10,  2025

Thomas Coyne
3244 Oak Ave, Scranton PA 18505
PLAINTIFF – Pro Se

tcoyne@afg-media.us
(610) 256-0105

## <u>VERIFICATION</u>

I, THOMAS COYNE, affirm that I am the plaintiff in this action and that the facts set forth in the foregoing Complaint are true and correct to the best of my information, knowledge, and belief. I understand that the statements therein are made subject to the penalties relating to unsworn falsification to authorities.

Dated:    <u>November 10 , 2025</u>    _____
                                        THOMAS COYNE